Henry Epstein, J.
Plaintiff sues for commissions alleged to be payable on sales of zippers by defendant to a firm, Perfect Fit Products. The claim is based on an agreement claimed to have been entered into by the parties in September, 1952, wherein plaintiff would use his efforts and influence with his brother-in-law to purchase substantial amounts of defendant’s products. Plaintiff wrote to his brother-in-law, seeking to aid defendant’s cause, and also to enable himself to obtain an indebtedness due him from said brother-in-law. The deal was consummated in the locker room of the golf club of which both plaintiff and Barton L. Zabin, Jr., president of defendant, were members. The letters and replies between the parties set forth the basis on which plaintiff was to be paid. These letters were exchanged in September, 1952. From 1952 through May 12, 1957, statements were regularly sent to plaintiff with checks in payment of the commissions on sales of defendant to Perfect Fit Products Manufacturing Co., Inc. The total paid over the five-year period was $3,993.08, the last payment being a check for $412.35, dated May 22, 1957. On this check, in the margin thereof, there appears in ink the legend Final Payment ”. The check was indorsed by plaintiff and he received its proceeds.
At the trial, when said check was offered as defendant’s evidence of an accord and satisfaction, or full payment of any claim due or to become due, plaintiff asserted that the words “Final Payment” were not on the check when received and deposited by him. Defendant’s president Zabin testified that
*1059 said indorsement words were on the check when he signed it. This court, at the conclusion of the testimony, on its own direction subpoenaed from the Manufacturers Trust Company, 681 Eighth Avenue, New York City, a photostat copy of the check as it appeared when clearing through the bank. That bank holds such photostatic records. The photostat reveals that when the check cleared through the hank the words “ Final Payment ” were not on the check. Defendant agreed to pay for the opinion of Mr. Albert D. Osborn, on the said notation “Final Payment ”. That opinion, given to the court, states that the body of the check and the said notation are in the same handwriting, but that it is not possible to determine any difference in the time lag between the body of the check and the notation. The signature of Zabin is not the handwriting of the notation “ Final Payment ”. Defendant has offered no explanation of this apparently flagrant effort to foreclose any claim by plaintiff after the check had been deposited by plaintiff. This one fact is more than enough to discard and wholly discredit the testimony of defendant’s president, Zabin.
Defendant agreed on September 11, 1952, to pay plaintiff a 5% commission “ on all sales made by us to the Perfect Fit Products Mfg. Co., any branches or subsidiaries thereof ”. From 1952 to 1957, defendant paid plaintiff on such sales. To December 31,1957, the total business done with said Perfect Fit Products was $190,766.40. Deducting the 2% discounts allowed and returns accepted, the total was $185,766.40. Five percent of that sum is $9,288.81, which would be the earned commissions payable from defendant to plaintiff to that date. The amount paid was $3,993.08, leaving a balance due of $5,295.73, which is payable with interest from January 1, 1958.
Defendant’s testimony (Zabin) that the total to be paid was to be limited to $4,000 finds no corroboration in the evidence. The sole evidence to that effect, denied by plaintiff, is based on the oral testimony of Zabin, defendant’s president. His testimony, in the light of the check alteration, after its return to defendant, and sworn by him as having been thereon when he signed the check, is rejected as utterly untrustworthy. The opinion of the Court of Appeals in Martocci v. Greater New York Brewery (301 N. Y. 57) would seem to be decisive of the defenses sought to be interposed herein. Defendant’s motions addressed to the complaint are denied. Plaintiff’s motion to dismiss the counterclaim of defendant is granted. Judgment may be entered in plaintiff’s favor for $5,295.73 with interest from January 1, 1958, plus costs of this action. The parties having waived findings and conclusions, the foregoing constitutes the decision of the court.